A-1 MOBILE HOMES, INC.

Plaintiff

vs.

RAYMOND and ALICE BECENTI

Defendants

vs.

GENERAL ELECTRIC CREDIT CORPORATION

Third Party Defendant

Opinion of the Crownpoint District Court

Decided on March 26, 1979

Thomas J. Hynes, Hynes, Eastburn & Hale, Farmington, New Mexico, for Plaintiff and Third Party Defendant

Paul Frye, D.N.A., Crownpoint, New Mexico, for Defendants

NESWOOD, District Judge

A Complaint for Replevin and money damages was filed with this Court against Raymond Becenti, December 5, 1977. Plaintiff, A-1 Mobile Homes, Inc., sought to repossess a mobile home, the purchase of which was contracted between defendant and the plaintiff on May 18, 1973. Plaintiff alleged Defendant's default in payments and sought payment of back payments plus late charges. Plaintiff further sought money damages incurred as a result in having to take legal action.

Defendant's Answer and Counterclaim and Third-Party Complaint alleged that Plaintiff, A-I Mobile Homes, was not the proper plaintiff in action and named General Electric Credit Corporation as Third-Party Defendant. Defendant's allegation was based upon the fact that A-I Mobile Homes had assigned his contract to General Electric Credit Corporation. By Order of the Court dated August 22, 1978, the complaint of A-I Mobile Homes was dismissed on the grounds that A-I Mobile Homes was not the proper plaintiff to the action.

In that same Order, Third-Party Defendant, General Electric Credit Corporation, and Plaintiff, A-I Mobile Homes, were ordered to file answers to Defendant's Counterclaims within 20 days of the date of the Order. A default judgment on those Counterclaims against A-I Mobile Homes was entered by the Court on September 26, 1978. For reasons hereinafter set forth, this default judgment is hereby VACATED.

Prior to trial Defendant Becenti motioned the Court for Partial Summary Judgment upon his Second and Fourth Claims for Relief. That motion was denied on the grounds that the Second Claim was not timely filed and that the Fourth Claim contained a genuine issue of material fact.

Defendant bases his First and Second Claims for Relief upon the alleged violation by General Electric Credit Corporation of I5 U.S.C. I601 et. seq. (hereinafter referred to as the Act) and Regulation Z promulgated thereunder, I2 C.F.R. 226 (hereinafter referred to as

Regulation Z). Section 1640 of the Act provides a one-year statue of limitations within which to file an action for violation of this statute. The Navajo Tribal Court of Appeals held in <u>Smoak Chevrolet Company v. Hoskie R. Barton</u>, I Nav. R. 153 (Decided June 30, 1977) that "Although Smoak Chevrolet violated the Truth in lending Act and Regulation Z as we interpret it, the counterclaim in this action was barred by the one year statute of limitation of the Act, 15 U.S.C. 1640(e). <u>Smoak</u> at Page 156. That case is dispositive of defendant's First and Second Claims for Relief in the instant case. Those claims are hereby DISMISSED as being barred by the one year stature of limitation of the Act. The claims arose at the time the contract was signed, which was four and a half years prior to the presentation of those claims to this Court.

Upon this same authority the Default Judgment against A-1 Mobile Homes entered by this Court of September 26, 1978, is hereby vacated with regard to the damages awarded for the violation of the Act.

Defendant's Third Claim for relief was based upon the violation of the New Mexico Motor Vehicle Sales Act, N.M.S.A. § 50-15-7. The violation of this statute was not proven at trial because the defendant admitted having received a copy of the insurance policy upon the mobile home he purchased. Defendant's Third Claim for Relief is, therefore, DENIED. The Default Judgment against A-1 Mobile Homes entered September 26, 1978, is hereby VACATED with regards to the preclusion of A-1 Mobile Homes collecting any finance charges on the

-23-

contract at suit.

Defendant's Fourth Claim for Relief was based upon an alleged assault upon Defendant by an agent or an employee of either A-I Mobile Homes or General Electric Credit Corporation. After trial upon this issue, the opinion of this Court is that said assault was not proven. Defendant's Fourth Claim for Relief is, therefore, DENIED. The Default Judgment entered against A-I Mobile Homes on September 26, 1978, is hereby VACATED with respect to the damages awarded for the alleged assault.

After trial upon the issue of Defendant's Default upon his contract, it is the opinion of this Court that defendant was in default at the time the suit was filed on December 5, 1977. Although it is true that General Electric Credit Corporation regularly accepted late and erratic payments from Defendant, evidence introduced at trial showed that at no time were defendant farther behind in his payments than 66 days. Defendant had been contacted and warned of possible repossession action in March of 1977. At the time the suit was filed Defendant had failed to contact Third-Party Defendant with regard to payments for more than 3 months. Under the terms of the contract no notice of legal action or of action upon default was required. The pertinent part of the contract reads as follows:

> "...Seller may, without notice (except as herein set forth) or demand upon Buyer, declare any part or all of the obligations and indebtedness immediately due and payable, and Seller shall have the following rights and remedies in addition to all the rights and remedies of a secured party under the UCC,..."

-24-

The rights and remedies included were that of repossession, and the notice referred in the parenthesis above referred to 10 days notice to the buyer of the sale or other disposition of the mobile home. Therefore, under the terms of the contract itself, no notice of action for repossession was required to be given to the buyer. Although General Electric Credit Corporation's somewhat sudden filing of legal action without notice to Mr. Becenti may not have been the fairest course of action, it was within General Electric Credit Corporation's right as the secured party on the contract at suit.

It is, therefore, the opinion of this Court that General Electric Credit Corporation shall be allowed to repossess Mr. Becenti's mobile home. However, should the parties to this action reach an agreement regarding a refinancing contract which would include the backpayments and interest thereon now due, nothing in this Opinion and Judgment shall preclude the parties from doing so.

In summary, subject to possible negotiations mentioned above, Third Party Defendant General Electric Credit Corporation is entitled to repossession, past installment payments now due and owing, plus late charges.

Defendant's Counterclaims based upon violation of Regulation Z are hereby DENIED. Defendant's Counterclaim based upon violation of N.M.S.A. 50-15-7 if hereby DENIED. Defendant's Counterclaim of assault is hereby DENIED.

The Default Judgment entered against A-I Mobile Homes on September 26, 1978, is hereby VACATED in its entirety.

Each party is to bear their own costs of suit.